ALEJANDRO RODRÍGUEZ, Appellant v. INDUSTRIAL COMMISSION OF PUERTO RICO ET AL., Respondents.

No. 254. Argued November 23, 1942.—Decided December 23, 1942.

Virgilio Brunet and José L. Novas for petitioner. G. Atiles Moréu, A. de Jesús Matos, and Jorge Correa Suárez for respondent.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The Manager of the State Insurance Fund sought the dismissal of the petition for review filed by the injured workman of a decision rendered by the Industrial Commission on August 31, 1942, and alleged in support thereof that the petitioner had not complied with the requirement of first seeking from the Industrial Commission reconsideration of the decision appealed from.

The petitioner met with an accident while he acted as a jockey in one of the race-tracks of San Juan. On September 1936 the Industrial Commission decided that the accident was compensable. On April 5, 1937, the workman was discharged as cured and able; but feeling aggrieved by the decision of the Manager of the Fund, he appealed to the commission in order that the latter should fix the degree of his disability. On July 9, 1937, the commission rendered a decision to the effect that the petitioner had a permanent partial disability consisting in the loss of 40 per cent of his earning power.

On January 28, 1942, the injured workman resorted again to the commission and prayed for a decision to the effect that his disability was total and permanent. On March 17, 1941, a hearing was held by the commission wherein the petitioner and the manager appeared; and on July 8 of the same year the commission rendered a decision ordering that the injured workman be examined again by the medical adviser of the commission and by the physicians of the State

Fund. On August 21, 1942, the commission, on motion of the Manager of the Fund, rendered a decision reconsidering and setting aside the one of July 8 and dismissing a petition as to the reopening of the case which was filed by the workman on January 28, 1942.

In the petition for review filed in this court we are asked to review and reverse the above-mentioned decision of August 21, 1942, and to order the commission to hold the hearing ordered in its decision of July 8, 1942. It is an admitted fact that the petitioner did not file a motion at any time for the reconsideration of the decision appealed from.

■■ In the first petition filed for a review of a decision of the Industrial Commission, this Supreme Court, construing §11 of the Workmen Compensation Act. (Act No. 45 of 1935, p. 250), held that the Legislature changed the procedure not only as regards the court by which the review was to be made, "but also as regards the scope of such review, and in addition it provided as a prerequisite to the institution of the proceeding that the commission should have been requested to reconsider its order or decision, thus affording to it another opportunity to examine the case before the jurisdiction thereof should be transferred to this court." *Amenguar* v. *Industrial Commission,* 49 P.R.R. 10. See: *Caraballo* v. *Industrial Commission,* 51 P.R.R. 157 and *González* v. *Industrial Commission* (per curiam) 53 *D.P.R.* 958.

The petitioner contends that he was not bound to move the commission for a reconsideration of the decision of August 21, 1942, because said decision was rendered on motion of the Manager of the Fund, in substitution of the decision of July 8, 1942, wherein it was ordered that the injured workman be examined again in order to determine the degree of his disability; and inasmuch as the manager sought and obtained the reconsideration of the decision of July 8, 1942, it was not an indispensable requisite that the petitioner should seek a new reconsideration.

Petitioner's arguments are as clever as they are groundless. The decision of July 8, 1942, was of an interlocutory character and favorable to the petitioner workman, because it was decided therein to give him an opportunity to prove his allegations and a physical examination was ordered. The decision did not put an end to the controversy between the parties.

By sustaining the reconsideration sought by the Manager of the Fund, the commission did not confine itself to reconsidering and setting aside its decision of July 8, 1942. It went still further. It dismissed the motion for reopening the case and by doing so it put an end to the controversy between the manager and the workman as to whether or not the latter was entitled to a new investigation to determine the degree of his disability.

The first decision which was adverse to petitioner's contentions, and the only one from which he could appeal to the court was the decision of August 21, 1942. The petitioner filed his petition for review without complying with the legal requirement of seeking from the commission a reconsideration of said decision. Since petitioner failed to do so, this court lacks jurisdiction to entertain this appeal and the same is hereby dismissed.